UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

FERNANDO MARULANDA-TRUJILLO,  :    CIV. NO. 21-1264 (RMB)
                            :
        Petitioner    :
     v.               :    **MEMORANDUM AND ORDER**
                            :    **AND TEMPORARY ORDER TO SEAL**
                            :
DAVID E. ORTIZ, WARDEN      :
                            :
        Respondent    :
_____

Petitioner, Fernando Marulanda-Trujillo, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, was hospitalized while preparing this habeas petition with the assistance of Inmate Osvaldo Rosa, who was providing Spanish translation; therefore, the petition is submitted by Inmate Rosa on Petitioner's behalf. (Pet., Dkt. No. 1 at 30-33.) Petitioner, who was unable to sign the petition, seeks a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(1) or alternatively a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1) due to the risk posed to his health from the spread of COVID-19 in the prison. Petitioner is now positive for COVID-19 and is hospitalized with complications. He has been unable to contact his family. (Pet., Dkt. No. 1 at 30-33.)

I.   THE PETITION

On or about July 30, 2012, Petitioner was sentenced to a 210-month term of imprisonment in the United States District Court, Southern District of Florida, upon his guilty plea to conspiracy to possess with intent to distribute 5kg or more of cocaine,

knowing it would be imported into the United States, in violation of 21 U.S.C. § 963. (Pet., Dkt. No. 1 at 3.)[1] Petitioner will be deported to Columbia upon completion of his sentence. (Pet., Dkt. No. 1 at 29.)

There is a recent severe outbreak of COVID-19 at FCI Fort Dix. (Pet., Dkt. No. 1 at 5-9.) Petitioner is 69-years-old and was hospitalized in the second week of November 2020, whereupon he learned that he requires another surgery.[2] He has multiple chronic health issues that put him at severe risk if infected with COVID-19. (Id. at 11-13.) At the time of filing this petition, filed by a fellow inmate who was assisting Petitioner with Spanish interpretation, Petitioner tested positive for COVID-19 at FCI Fort Dix and was taken to a hospital before he could sign the petition. The Court is unaware of whether Petitioner remains hospitalized.

The Court takes judicial notice, under Federal Rule of Civil Procedure 201(b)(2), that Petitioner sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in his sentencing court in the Southern District of Florida, but his motions were denied. Petitioner appealed to the Eleventh Circuit Court of Appeals, where

---

[1] See also United States v. Marulanda Trujillo, 1-11cr20349-UU-1 (S.D. Fl. July 30, 2012) (Judgment, Dkt. No. 28.) Available at www.pacer.gov (last visited February 5, 2021).

[2] The Court will *sua sponte* temporarily seal Petitioner's medical records under Local Civil Rule 5.3(c)(9), until Petitioner's appointed counsel can file a motion to seal under Local Civil Rule 5.3(c)(3).

his appeal is pending, with briefing due on March 8, 2021. <u>USA v. Marulanda-Trujillo</u>, Docket No. 20-12218 (11th Cir.)[3]

Only a sentencing court can grant relief under 18 U.S.C. § 3582(c)(1)(A)(i). <u>United States v. Raia</u>, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court.") The Court need not transfer Petitioner's motion for compassionate release to his sentencing court because his appeal of the sentencing court's order remains pending in the Eleventh Circuit Court of Appeals. Petitioner alternatively seeks release from confinement under 28 U.S.C. § 2241, alleging the conditions of his confinement violate the Constitution. Petitioner also appears to seek injunctive relief based on a claim of inadequate medical care for his medical conditions at FCI Fort Dix. (Pet., Dkt. No. 1 at 27-28.) The Court will administratively terminate the petition because it is not signed by Petitioner. <u>See</u> Habeas Rule 2(c)(5).[4] The Court will, however, appoint counsel to Petitioner under 18 U.S.C. § 3006A, for assistance in drafting an amended, signed petition and/or complaint for injunctive relief under 28 U.S.C. § 1331.

---

[3] Also available at [www.pacer.gov](www.pacer.gov).

[4] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to petitions under 28 U.S.C. § 2241 under Rule 1, scope of the Rules.

**IT IS** therefore on this <u>**8th day of February 2021**</u>,

**ORDERED** that the Clerk shall temporarily maintain under seal Exhibit 1 to the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. No. 1-1) pursuant to Local Civil Rule 5.3(c)(9); and it is further

**ORDERED** that the Clerk shall administratively terminate this matter; subject to reopening within 30 days of the date of entry of the Order, upon the filing of an amended, signed petition under 28 U.S.C. § 2241, and payment of the $5 filing fee or submission of a properly completed application under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that counsel shall be appointed to Petitioner under 18 U.S.C. § 3006A(a)(2)(B) and Habeas Rule 8(c); counsel shall enter an appearance in this matter as soon as possible upon appointment, and Petitioner shall be notified of counsel's appointment; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**

4